FILED
United States Court of Appeals
Tenth Circuit

June 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

GEORGE ERMAN DAGO,

    Movant.

No. 08-1201

---

ORDER

---

Before **TACHA**, **KELLY**, and **HARTZ**, Circuit Judges.

---

George Erman Dago has filed a motion for authorization to file a second or successive motion under 28 U.S.C. § 2255. He alleges that his postconviction counsel was ineffective for failing to timely file a petition for a writ of certiorari from this court's decision affirming the district court's denial of relief in his first § 2255 proceeding. *See United States v. Dago*, 441 F.3d 1238 (10th Cir. 2006).

A movant seeking to bring a second or successive § 2255 motion may proceed only with a claim that relies on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Mr. Dago's motion does not make a prima facie showing that either of these standards are satisfied. He relies on no new Supreme Court case, and his issue concerns postconviction counsel's performance rather than new evidence tending to establish that no reasonable factfinder would have found him guilty. And in any event, these circumstances do not state a claim for ineffective assistance of counsel. Mr. Dago had no federal constitutional right to counsel during postconviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so even if such counsel were ineffective, there would be no constitutional violation.

Mr. Dago's motion to proceed in forma pauperis is GRANTED. His motions for counsel and for authorization to file a second or successive § 2255 motion are DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk