FILED
United States Court of Appeals
Tenth Circuit

October 4, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| In re:<br><br>GEORGE ERMAN DAGO,<br><br>Movant. | No. 12-1353<br>(D.C. Nos. 1:96-CV-01930-REB-MJW &<br>1:92-CR-00245-REB-1)<br>(D. Colo.) |

**ORDER**

---

Before **GORSUCH**, **EBEL**, and **MATHESON**, Circuit Judges.

---

George Erman Dago, a federal prisoner appearing pro se, has filed a motion for authorization to file a second or successive motion under 28 U.S.C. § 2255. He was convicted in 1992 of multiple counts related to drug trafficking and sentenced to 360 months' imprisonment. We affirmed most of those convictions on direct appeal. *United States v. Dago*, No. 93-1042, 1994 WL 387836, at *1, *7 (10th Cir. July 26, 1994) (unpublished). We also affirmed the denial of his first § 2255 motion. *United States v. Dago*, 441 F.3d 1238, 1241 (10th Cir. 2006). In seeking authorization to file a second § 2255 motion, Mr. Dago alleges that his trial counsel was ineffective for failing to present him with a favorable plea offer received from the government. We deny authorization.

Before a federal prisoner may file a second or successive motion under § 2255, he must first obtain an order from the court of appeals authorizing the district court to

consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). To obtain authorization to file a second or successive § 2255 motion in the district court, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," *id.* § 2255(h)(1), or rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2255(h)(2).

Mr. Dago relies only on § 2255(h)(2), contending that the Supreme Court announced a new rule of constitutional law in two cases decided in March 2012: *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). In *Lafler*, the Court held that the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), apply to plea bargaining even where the defendant rejects the plea offer and has received a full and fair trial. 132 S. Ct. at 1384, 1388. And in *Frye*, the Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. at 1408. The Court also explained that, where a plea offer lapses or is rejected because of counsel's deficient performance, defendant must establish prejudice under *Strickland* by showing a reasonable probability that he would have accepted the plea, that the prosecution would not have cancelled it, that the trial court would have accepted it, and that "the

end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 1409; *see also id.* at 1410 (stating that "*Strickland*'s inquiry into whether the result of the proceeding would have been different requires looking . . . at . . . whether [defendant] would have accepted the offer to plead pursuant to the terms earlier proposed" (citation and internal quotation marks omitted)).

We note that the Seventh and Eleventh Circuits have held that *Lafler* and *Frye* did not announce a new rule of constitutional law. *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012). We need not reach that broader question, however, because "a new rule is not made *retroactive to cases on collateral review* unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (emphasis added) (internal quotation marks omitted); *see also Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) ("[A] new rule is made retroactive to cases on collateral review only when the Supreme Court *explicitly holds* that the rule it announced applies retroactively to such cases."). The Supreme Court has not so held as to either *Lafler* or *Frye*.

Mr. Dago's motion for authorization is DENIED. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk