UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

May 1, 2013

Elisabeth A. Shumaker
Clerk of Court

In re:

GEORGE ERMAN DAGO,

    Movant.

No. 13-1159
(D.C. No. 1:92-CR-00245-REB-1)
(D. Colo.)

**ORDER**

Before **BRISCOE**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.

    George Erman Dago, a federal prisoner proceeding pro se, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his 1992 jury conviction on multiple counts of drug-trafficking offenses. We deny authorization.

    Dago's motion cannot proceed in the district court without first being authorized by this court. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3). We may authorize a claim only if the prisoner makes a prima facie showing that the claim relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h); *see also id.* § 2244(b)(3)(C).

Dago argues that his claims rely on "newly discovered evidence" under § 2255(h)(1). He seeks authorization to bring claims alleging that his trial counsel and the appellate counsel who represented him in his § 2255 proceeding provided ineffective assistance.

Dago contends that he has newly discovered evidence supporting a claim that his trial counsel was ineffective because counsel told the jury in his closing argument that Dago should be convicted on a number of counts. Dago raised this claim in his § 2255 motion. *See United States v. Dago*, 441 F.3d 1238, 1250 (10th Cir. 2006). On appeal, we indicated that the claim presented a "close question." *Id.* But we affirmed the district court's denial of relief under § 2255 because Dago failed to include a copy of the relevant trial transcript in the record on appeal. *Id.* at 1251 ("Without a transcript of [trial counsel's] closing argument, we simply cannot evaluate Dago's claim.").

Dago identifies as "newly discovered evidence" under § 2255(h)(1) the transcript of the closing argument that was previously omitted from the record on appeal in his § 2255 proceeding. He asserts that this transcript was "apparently misplaced," Mot. for Auth. at 9, but that he was recently able to obtain a copy of it, which he submitted in support of his motion for authorization. The transcript shows that Dago's trial counsel made the following statement to the jury at the end of his closing argument:

> You now have, I submit, the whole picture and now I am telling you I am not asking you for a gift, I am asking you to take these

> elements, read them, and I am asking you to take the evidence, find that the evidence doesn't fit with the elements on CCE, on three conspiracies, and on money laundering, and convict him of everything else, and I am not asking you for a gift, I am asking you for justice.

*Id.*, App. G, Trial Tr. at 1740.

Dago fails to make a prima facie showing that the closing-argument transcript satisfies the requirements of § 2255(h)(1). First, the appendices to Dago's motion for authorization show that it is not "newly discovered" because it was available at the time he filed his § 2255 motion. *See id.*, App. A, Magistrate Judge's R&R on § 2255 Motion at 57 (citing transcript); *see also* App. D, Petition for Panel Rehearing at 3-4 (noting transcript was in the district court record and seeking leave to supplement the appellate record). Second, the transcript is not evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Dago] guilty of the offense." § 2255(h)(1). Proof that Dago's trial counsel invited the jury to convict him on several counts would not establish his innocence by clear and convincing evidence. *See Case v. Hatch*, ___ F.3d ___, No. 11-2094, 2013 WL 1501521, at *17 (10th Cir. Apr. 12, 2013) ("Section 2255(h)(1) can be read to allow 'newly discovered evidence' to 'establish' a petitioner's innocence . . . .").

Dago also seeks authorization to bring a claim that his appellate counsel in his § 2255 proceeding provided ineffective assistance by (1) failing to include the transcript of his trial counsel's closing argument in the record on appeal, and (2) failing to file a Petition for Panel Rehearing. Dago contends that these claims are

likewise based on "newly discovered evidence" under § 2255(h)(1), but he points only to his recent discovery that, although his appellate counsel provided him a copy of the Petition for Panel Rehearing, it was never filed. This assertion is factually incorrect. According to this court's docket, the Petition for Panel Rehearing was filed. *See United States v. Dago*, Case No. 04-1184 (10th Cir. Apr. 12, 2006); *see also Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) (noting "a court may take judicial notice . . . of its own records and files" (quotation, alteration, and ellipsis omitted)). And to the extent these claims also rely on the closing-argument transcript from Dago's trial, we have already concluded that evidence is not sufficient to satisfy the requirements of § 2255(h)(1).

Accordingly, Dago's motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk
